IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE CHARLES COCHRAN § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| VS. § | NO. 3-11-CV-1257-D | |
| § | | |
| MICHAEL J. ASTRUE, § | | |
| Commissioner of Social Security § | | |
| § | | |
| Defendant. § | | |

**FINDINGS AND RECOMMENDATION OF THE**
**UNITED STATES MAGISTRATE JUDGE**

This case has been referred to the United States magistrate judge for initial screening pursuant to 28 U.S.C. § 636(b) and a standing order of reference from the district court. The findings and recommendation of the magistrate judge are as follow:

I.

This is a *pro se* civil action brought by Willie Charles Cochran seeking judicial review of a final adverse decision of the Commissioner of Social Security denying his application for disability insurance benefits. On June 10, 2011, plaintiff tendered a complaint with multiple attachments to the district clerk and filed an application to proceed *in forma pauperis*. Because the information provided by plaintiff in his pauper's affidavit indicates that he lacks the funds necessary to prosecute this case, the court granted leave to proceed *in forma pauperis* and allowed the complaint to be filed. Written interrogatories then were sent to plaintiff in order to obtain additional information about the factual basis of his suit. Plaintiff answered the interrogatories on June 29, 2011. The court now determines that this case should be summarily dismissed as time-barred.

II.

Under the Social Security Act:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced *within sixty days* after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

42 U.S.C. § 405(g) (emphasis added). A "final decision" results only after the claimant has exhausted his administrative remedies. *See Thibodeaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987); *LeJeune v. Matthews*, 526 F.2d 950, 952 (5th Cir. 1976). To satisfy the exhaustion requirement, a claimant must first file a claim for social security benefits. *See* 20 C.F.R. § 416.305. The agency then issues an initial determination either granting or denying the claim. *See id.* §§ 416.1404-416.1405. Next, the claimant must file a request for reconsideration. *See id.* §§ 416.1407-416.1422. The Commissioner of Social Security reviews the claim again and issues a reconsidered determination. *Id.* § 416.1420. After obtaining an adverse determination on reconsideration, a dissatisfied claimant may request an evidentiary hearing before an administrative law judge. *See id.* §§ 416.1429- 416.1461. If the claimant objects to that decision, he may appeal to the Appeals Council. *See id.* §§ 416.1467-416.1481. Only after the Appeals Council issues a final decision may the claimant seek judicial review in federal district court. *See Mamon v. Social Security Administration*, 24 F.3d 239 (Table), 1994 WL 243277 at *1 (5th Cir. May 19, 1994), *citing Harper v. Bowen*, 813 F.2d 737, 739 (5th Cir.), *cert. denied*, 108 S.Ct. 466 (1987).

According to the documents submitted by plaintiff, an administrative law judge denied his application for disability insurance benefits on June 18, 2010. Plaintiff appealed that decision to the Appeals Council. The Council denied plaintiff's request for review in a written notice dated March

25, 2011. (*See* Plf. Compl., Attch.). Plaintiff filed this action in federal court on June 10, 2011 -- 77 days after the mailing to him of the notice. Plaintiff did not request an extension of the 60-day deadline for challenging the hearing decision. (*See* Mag. J. Interrog. #2). Nor does he offer any explanation why this case is not barred by limitations or why the 60-day limitations period should be tolled on equitable grounds. (*See* Mag. J. Interrog. #3). Accordingly, plaintiff's social security appeal should be summarily dismissed. *See Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993) (court may summarily dismiss a complaint filed *in forma pauperis* if it is "clear" that claims asserted are barred by limitations).

## RECOMMENDATION

Plaintiff's complaint should be summarily dismissed pursuant to 28 U.S.C. § 1915(e)(2).

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 1, 2011.

JEFF KAPLAN
UNITED STATES MAGISTRATE JUDGE