IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| WILLIE CHARLES COCHRAN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:11-CV-1257-D |
| VS. | § | |
| | § | |
| MICHAEL J. ASTRUE, | § | |
| Commissioner of Social Security, | § | |
| | § | |
| Defendant. | § | |

## ORDER OF RE-REFERENCE

The magistrate judge recommends that the court summarily dismiss the *pro se* civil action of plaintiff Willie Charles Cochran ("Cochran") pursuant to 28 U.S.C. § 1915(e)(2) on the basis that it is time-barred. In response to the findings and recommendation of the magistrate judge, Cochran has filed an objection that the court concludes supports further inquiry regarding whether the limitations period should be extended based on equitable tolling.[1] The court therefore declines to adopt the July 1, 2011 findings and recommendation of the magistrate judge, and it re-refers this case to the magistrate judge for further proceedings.

The court agrees with the magistrate judge that Cochran did not file his complaint within 60 days after the final decision of the Commissioner of Social Security ("Commissioner") was mailed to him denying his application for disability insurance benefits. *See* 42 U.S.C. § 405(g).[2] Cochran

---

[1] In his objection, Cochran appears to aver for the first time that his medication affected his ability to function. The magistrate judge therefore had no reason to consider this as a basis for equitable tolling when he filed his findings and recommendation.

[2] 42 U.S.C. § 405(g) provides that

> [a]ny individual, after any final decision of the Commissioner of
> Social Security made after a hearing to which he was a party,

filed his complaint 77 days after the Commissioner's final decision was mailed to him. In Cochran's objection, he maintains that he has been sick and taking a lot of medication; that during considerable periods he did not know what day it was, how to read, or what to do; that he did not know that he could ask for an extension of the deadlines; and that he has been on so much medication that he could not think.

The 60-day time period to file an action challenging a final decision of the Commissioner is a period of limitations rather than a jurisdictional requirement. *See Bowen v. City of N.Y.*, 476 U.S. 467, 478 (1986). Traditional equitable tolling principles apply to the 60-day requirement of § 405(g). *Id.* at 479-80. In some circumstances, mental disability can be grounds for equitable tolling of federal periods of limitation. *See, e.g., Brumfield v. Xavier Univ.*, 1999 WL 20938, at *2-3 (E.D. La. Jan. 14, 1999) (noting traditional rule that "mental illness tolls a federal statute of limitations only if the illness in fact prevents the sufferer from managing his own affairs and thus from understanding his legal rights and acting upon them" and that other courts have tolled limitations periods "when a plaintiff's mental condition prevented him from filing during the specified time period and when the condition existed for the majority of the filing period" (citations and footnotes omitted)).

---

> irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow.

The court therefore re-refers this matter to the magistrate judge to make a recommendation regarding whether the limitations period should be equitably tolled and Cochran should be permitted to litigate this action on the merits.

**SO ORDERED**.

August 10, 2011.

_____
SIDNEY A. FITZWATER
CHIEF JUDGE