IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| WILLIE C. COCHRAN, § | |
| § | |
| Plaintiff, § | |
| § | Civil Action No. 3:11-CV-1257-D |
| VS. § | |
| § | |
| MICHAEL J. ASTRUE, § | |
| Commissioner of Social Security, § | |
| § | |
| Defendant. § | |

MEMORANDUM OPINION
AND ORDER

Defendant Michael J. Astrue, Commissioner of Social Security ("Commissioner"), moves under Fed. R. Civ. P. 12(b)(6) to dismiss this *pro se* action by plaintiff William C. Cochran ("Cochran") seeking judicial review under 42 U.S.C. § 405(g) of the Commissioner's decision denying Cochran's application for disability benefits. For the reasons that follow, the court grants the motion and dismisses this action by judgment filed today.[1]

The Commissioner moves to dismiss this action on the ground that it is barred by the statute of limitations.[2] Limitations is an affirmative defense. *See* Rule 8(c)(1). "'Although

---

[1] Under § 205(a)(5) of the E-Government Act of 2002 and the definition of "written opinion" adopted by the Judicial Conference of the United States, this is a "written opinion[] issued by the court" because it "sets forth a reasoned explanation for [the] court's decision." It has been written, however, primarily for the parties, to decide issues presented in this case, and not for publication in an official reporter, and should be understood accordingly.

[2] Cochran has not responded to the Commissioner's motion to dismiss.

dismissal under Rule 12(b)(6) is ordinarily determined by whether the facts alleged in the complaint, if true, give rise to a cause of action, a claim may also be dismissed if a successful affirmative defense appears clearly on the face of the pleadings.'" *Sivertson v. Clinton*, 2011 WL 4100958, at *2 (N.D. Tex. Sept. 14, 2011) (Fitzwater, C.J.) (quoting *Clark v. Amoco Prod. Co.*, 794 F.2d 967, 970 (5th Cir. 1986)); *see also White v. Padgett*, 475 F.2d 79, 82 (5th Cir. 1973) (holding that claim is "subject to dismissal under Rule 12(b)(6) . . . when [an] affirmative defense clearly appears on the face of the complaint."). In other words, the Commissioner is not entitled to dismissal under Rule 12(b)(6) unless Cochran "has pleaded [him]self out of court by admitting to all of the elements of the defense." *Sivertson*, 2011 WL 4100958, at *3. Cochran has done so in his complaint.

Under the Social Security Act, a person seeking review of "any final decision of the Commissioner" must commence a civil action "within sixty days after the mailing to him of notice of such decision." 42 U.S.C. § 405(g). According to Cochran's complaint, notice of the administrative law judge's decision was mailed to Cochran on March 25, 2011, and receipt is presumed "5 days after the date of such notice." 20 C.F.R. § 422.210(c) (2011).[3] Cochran was therefore required to file this lawsuit no later than May 31, 2011.[4] Cochran did not file this lawsuit, however, until June 10, 2011—ten days after the statute of limitations

---

[3] Cochran may have received the notice as early as March 25, 2011 because a letter from Cochran's counsel attached to the complaint informs Cochran that the last date he can file suit is May 24, 2011.

[4] Sixty-five days after March 25 is May 29, 2011. May 31, 2011 is the first day following the weekend and Memorial Day legal holiday.

expired. The Commissioner's successful affirmative defense appears clearly on the face of Cochran's complaint, because the complaint reflects the date notice of the administrative law judge's decision was mailed to Cochran and the date Cochran filed this lawsuit. His lawsuit is therefore barred by the statute of limitations, and the Commissioner is entitled to dismissal of this action under Rule 12(b)(6).

* * *

For the reasons explained, the Commissioner's October 17, 2011 motion to dismiss is granted, and this action is dismissed with prejudice by judgment filed today.

**SO ORDERED.**

November 17, 2011.

_____<br>
SIDNEY A. FITZWATER<br>
CHIEF JUDGE